NORTHERN DISTRICT OF TEXAS

**FILED**

APR 2 4 2014

CLERK, U.S. DISTRICT COURT

By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GERALD BELL,                        §
                                    §
        Plaintiff,                  §
                                    §
VS.                                 §   NO. 4:14-CV-107-A
                                    §
BANK OF AMERICA, N.A.,              §
                                    §
        Defendant.                  §

## MEMORANDUM OPINION
### and
### ORDER

Before the court for decision is the motion to dismiss
pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure, filed in the above action by defendant, Bank of
America, N.A.  Plaintiff, Gerald Bell, filed a response, and
defendant filed a reply.  Having now considered all of the
parties' filings, plaintiff's first amended complaint, and the
applicable legal authorities, the court concludes that the motion
should be granted.

I.

### Background and Plaintiff's Pleaded Claims

Plaintiff initiated this action by filing his original
petition and application for temporary restraining order in the
District Court of Tarrant County, Texas, 342nd Judicial District.

1

Following removal, the court ordered plaintiff to file an amended complaint that complied with the requirements of the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Plaintiff then filed his first amended complaint, in which he alleged the following:

On or about May 23, 2008, plaintiff signed a promissory note, secured by a deed of trust, in the amount of $144,637.00, for the purchase of property in Fort Worth, Tarrant County, Texas. Prior to the date plaintiff initiated this action, plaintiff sought assistance from defendant in obtaining a loan modification to reduce his payments. "Defendant agreed that it would review the loan for a modification under one of their numerous programs available and instructed Plaintiff to submit an application and financial information." Pl.'s First Am. Compl. at 3-4. However, at the time plaintiff initiated this action, defendant had neither approved nor denied the modification, nor had it provided any written explanation to plaintiff as to why no approval or denial was forthcoming. Because defendant failed to inform plaintiff of the approval or denial, plaintiff was deprived of his right to appeal defendant's decision, and he did not realize he "needed to make other plans regarding his loan and

2

residence." <u>Id.</u> at 4.  Although the deed of trust affords
plaintiff an opportunity to reinstate his loan, defendant denied
plaintiff this right by not informing him that the loan
modification had been denied.

Defendant has informed plaintiff of its intent to foreclose
on his home.  However, the public records of Tarrant County show
no assignment or conveyance from the original lender, Summit
Funding, Inc. d/b/a Southwest Mortgage Lending, Inc., to
defendant.  Accordingly, plaintiff in the complaint questioned
whether defendant had authority to initiate foreclosure
proceedings.

Plaintiff in the first amended complaint challenged
defendant's authority to foreclose, and alleged claims for common
law fraud and breach of contract, including violation of the duty
of good faith and fair dealing.  Plaintiff also sought injunctive
relief to bar any transfer of his property.

II.

## Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable standard of pleading.
It requires that a complaint contain "a short and plain statement
of the claim showing that the pleader is entitled to relief,"

3

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair
notice of what the claim is and the grounds upon which it rests."
Bell Atl. Corp. v. Twombly. 550 U.S. 544, 555 (2007) (internal
quotation marks and ellipsis omitted). Although a complaint need
not contain detailed factual allegations, the "showing"
contemplated by Rule 8 requires the plaintiff to do more than
simply allege legal conclusions or recite the elements of a cause
of action.   Id. at 555 & n.3.  Thus, while a court must accept
all of the factual allegations in the complaint as true, it need
not credit bare legal conclusions that are unsupported by any
factual underpinnings.  See Ashcroft v. Iqbal, 556 U.S. 662, 679
(2009) ("While legal conclusions can provide the framework of a
complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the facts pleaded must allow
the court to infer that the plaintiff's right to relief is
plausible.  Id. at 678.  To allege a plausible right to relief,
the facts pleaded must suggest liability; allegations that are
merely consistent with unlawful conduct are insufficient.
Twombly, 550 U.S. at 566-69.  "Determining whether a complaint
states a plausible claim for relief . . . [is] a context-specific
task that requires the reviewing court to draw on its judicial
experience and common sense."  Iqbal, 556 U.S. at 679.  In

adjudicating a motion to dismiss, the court may consider the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims.  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

III.

### Application of Law to Facts

A.   Authority to Foreclose and Fraud Claims

In the response, plaintiff stated that he had no access to an assignment of record showing any transfer of the property to defendant, but indicated that upon receipt of such assignment, he would amend his complaint to dismiss this cause of action against defendant.  Defendant included a copy of the assignment in the appendix to its motion to dismiss, a copy of which was served on plaintiff.  Inasmuch as plaintiff has now received a copy of the assignment via his copy of defendant's appendix, the court is considering that plaintiff has abandoned this claim.

Similarly, plaintiff indicated that he would also dismiss his fraud claim in any amended complaint.  Accordingly, plaintiff has abandoned this claim as well.

B.   Plaintiff's Breach of Contract Claims are Dismissed

The basis of plaintiff's breach of contract claims appears to be that defendant offered, and plaintiff accepted, a "loan modification review."  Pl.'s First Am. Compl. at 8.  Plaintiff

5

contended that he "tendered performance and relied on Defendant's representations and promises, to his detriment," id., which constituted a unilateral contract. Defendant allegedly breached the unilateral contract because it has placed plaintiff in a situation where he is unable to catch up on his payments and may lose his home.

Defendant advanced a number of arguments for dismissal of plaintiff's breach of contract claim. However, the court finds defendant's statute of frauds argument to be dispositive.

Under Texas law, a loan agreement involving an amount in excess of $50,000.00 is unenforceable unless the agreement is in writing and signed by the party to be bound. Tex Bus. & Com. Code Ann. § 26.02(b). A promise pertaining to the sale of real estate must also be in writing. Id. at 26.01(b)(4). Hence, any agreement regarding modification of a loan to purchase real property must be in writing. Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 256 (5th Cir. 2013); Williams v. Wells Fargo Bank, N.A., ___ F. App'x ____, No. 13-10233, 2014 WL 1044304 at *4 (5th Cir. Mar. 19, 2014) (per curiam).[1]

Here, plaintiff pleaded that his original loan, pertaining to the purchase of real estate, was in the amount of $144,637.00.

---

[1] The court recognizes that this unpublished case is not binding precedent, but finds its holding instructive in this action.

Because the contract purportedly breached by defendant pertained to modification of this loan, it was subject to the statute of frauds, and was required to be in writing. <u>Martins</u>, 722 F.3d at 256 (holding agreement to modify mortgage note was subject to statute of frauds and unenforceable unless in writing); <u>Williams</u>, 2014 WL 1044304 at *4 (same). Plaintiff alleged only that defendant agreed to review his loan for a modification. The complaint did not allege that any agreement to modify the loan was ever made, much less put in writing. Hence, plaintiff's breach of contract claim fails.

In his response, plaintiff argues that promissory estoppel may avoid the statute of frauds "when the alleged promise is to sign an <u>existing</u> document that satisfies the statue of frauds." Pl.'s Resp. and Br. In Opp'n to Def.'s Mot. to Dismiss Pl.'s Compl. ("Pl.'s Resp.") at 5-6 (emphasis in original). Plaintiff's argument aims at, but misses, the mark. The Fifth Circuit has held that promissory estoppel can overcome the statute of frauds, where there is "a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds." <u>Martins</u>, 722 F.3d at 256-57 (citation omitted). However, plaintiff alleged only that defendant orally agreed to offer plaintiff a loan modification review. Nowhere did plaintiff allege that defendant promised to

7

sign any modification document which had been prepared and which would satisfy the statute of frauds.  Accordingly, plaintiff's breach of contract claim fails.

Plaintiff's claim for breach of an implied duty of good faith and fair dealing likewise fails.  Relying on sections 1.201(20) and 9.102(c) of the Texas Business and Commerce Code, plaintiff contends that under the Texas Uniform Commercial Code ("UCC"), a duty "of good faith and fair dealing is included in the performance of every contract."[2]  Pl.'s First Am. Compl. at 8.  Plaintiff alleged that his "mortgage note is a negotiable instrument governed by the Uniform Commercial Code," and that the "Uniform Commercial Code provides that every contract or duty imposes an obligation of good faith in its performance and enforcement."  Id. (quoting section 1.304 of the Texas UCC).

Plaintiff's reliance on the UCC is misplaced.  Section 1.201(20) of the UCC defines "good faith" as "honesty in fact and the observance of reasonable commercial standards of fair dealing."  Section 9.102(c) merely states that "[c]hapter 1 contains general definitions and principles of construction throughout this chapter."  Neither of these sections imposes any

---

[2]Plaintiff cited to the case of <u>Belyea v. Litton Loan Servicing, LLP</u>, Civil Action No. 10–10931–DJC, 2011 WL 2884964 (D. Mass. July 15, 2011), to support this proposition.  Plaintiff did not, however, attempt to explain how a case from the district court of Massachusetts, interpreting Massachusetts law, supports his claim for violation of a duty he contends is imposed by Texas law.

duty on, nor supports a cause of action against, defendant.  And, section 9.109(d)(11) provides that chapter nine of the UCC does not apply to "the creation or transfer of an interest in or lien on real property."

Plaintiff also relies on section 1.304 of the UCC, which imposes an obligation of good faith on "[e]very contract or duty within this title."  Tex. Bus. & Com. Code Ann. § 1.304 (emphasis added).  However, contrary to plaintiff's assertions, a mortgage note is not "within" the UCC: "[b]ecause the Deed of Trust places a lien on real property, it is not governed by the UCC."  Vogel v. Travelers Indem. Co., 966 S.W.2d 748, 753 (Tex. App.--San Antonio 1998, no pet.) (emphasis in original).  The comments to section three of the UCC, concerning negotiable instruments, also could not be more clear:  "Article 3 is not meant to apply to contracts for . . . the sale or lease of real property or similar writings that may contain a promise to pay money."  Tex. Bus. & Com. Code § 3.104, Cmt. 2.[3]

Additionally, as argued in defendant's motion, Texas courts generally do not impose a duty of good faith and fair dealing in the mortgagor/mortgagee relationship.  See, e.g., FDIC v.

---

[3]"The UCC official commentary is an authoritative interpretation of the Code."  Jones v. Wells Fargo Bank, N.A., 666 F.3d 955, 960 n.5 (5th Cir. 2012).  Texas courts consider the comments as providing valuable guidance pertaining to the meaning and purpose of the Texas UCC.  Id.  "Barring a contrary interpretation from the Texas courts," the court is guided by the official commentary.  Id.

Coleman, 795 S.W.2d 706, 709 (Tex. 1990).

Although plaintiff in his response argues that authority exists for his claim of breach of the duty of good faith and fair dealing, none is cited in his brief.

The sum of the foregoing is that the first amended complaint fails to state a claim against defendant for breach of the duty of good faith and fair dealing.

C.   Breach of the Deed of Trust

Plaintiff alleged that the deed of trust gave him an opportunity to reinstate his loan.  However, defendant removed this right from plaintiff by failing to inform him that it had denied his loan modification.

Two grounds for dismissal are raised in the motion: (1) plaintiff failed to allege his own performance under the note and deed of trust, and has in effect admitted his own default, which precludes him from bringing a breach of contract claim; and, (2) defendant provided plaintiff a notice of default that afforded him an opportunity to reinstate the loan.  Dismissal is warranted on either of these grounds.

To sustain a breach of contract action under Texas law requires plaintiff to show: (1) the existence of a valid contract; (2) plaintiff performed or tendered performance under the contract; (3) breach by defendant; and, (4) the breach

10

damaged plaintiff.  <u>Mullins v. TestAmerica, Inc.</u>, 564 F.3d 386,
418 (5th Cir. 2009) (citation omitted).  It is well-settled that
"a party to a contract who is himself in default cannot maintain
a suit for its breach."  <u>Dobbins v. Redden</u>, 785 S.W.2d 377, 378
(Tex. 1990) (per curiam) (citation omitted).

Here, it appears that the first amended complaint alleged
only that plaintiff tendered performance by submitting documents
requested by defendant for a loan modification review.  As noted
in defendant's motion, plaintiff did not allege that he performed
under the note and deed of trust by making the required payments,
and plaintiff did not deny or even address this contention in his
response.  Additionally, plaintiff in the first amended complaint
admitted that his loan is in arrears.[4]  Because plaintiff
breached the note and deed of trust, he cannot sustain a breach
of contract claim against defendant.  <u>Id.</u>; <u>see also</u> <u>Williams</u>,
2014 WL 1044304 at *3 ("[I]f, as here, plaintiffs fail to allege
they were current on their payments under the deed of trust,
dismissal of their breach of contract claim is proper.").

Although the court also finds persuasive defendant's

_____

[4]In admitting this fact, plaintiff attempted to place blame on defendant by attributing the
arrearage to defendant's "run around games and stall tactics."  Pl.'s First Am. Compl. at 8.  Plaintiff did
not elaborate on what those "games" and "tactics" were or how they caused him to be in arrears on his
payments under the note.  Plaintiff also did not allege that defendant promised to modify his loan, only
that defendant offered to review the loan for a possible modification, and he provided no facts to show
how defendant's review caused his loan to be in arrears.

argument that it provided notice to plaintiff of his default and how to cure and reinstate the loan, it need not reach that issue, having disposed of plaintiff's claim for breach of the deed of trust on other grounds.[5]

D.   Injunctive Relief

Defendant argued for dismissal of plaintiff's request for injunctive relief on the ground that, if the court dismisses all of plaintiff's other claims and causes of action, nothing remains to support such a request.  Because plaintiff has failed to show a plausible right to relief on any of his claims, he is entitled to no injunctive relief.

E.   Plaintiff's Request to Amend Complaint

In the conclusion of his response, plaintiff asks that he be permitted to replead, should the court determine any of his claims are deficient.  Rule LR 10.1(a) of the Local Civil Rules of the United States District Court for the Northern District of Texas requires that "each . . . motion, or other paper must: (a) contain on its face a title clearly identifying each included

---

[5]Defendant in its appendix provided a copy of a notice of default sent to plaintiff on January 6, 2011, wherein defendant described the actions plaintiff needed to take to cure his default and reinstate his loan.  The notice is described in plaintiff's first amended complaint and is central to his claims, such that the court may consider it without converting the motion to dismiss into a motion for summary judgment.

pleading, motion, or other paper; . . . ."  The response to the
motion to dismiss does not indicate on its face that it includes
a motion to amend.  Nor did plaintiff inform the court of the
additional facts he could plead to correct the deficiencies in
the first amended complaint, and he did not attach to the
response a proposed second amended complaint.  Under these
circumstances, the court is not permitting plaintiff to replead.
Sullivan v. Leor Energy, LLC, 600 F.3d 542, 551 (5th Cir. 2010).

Additionally, the first amended complaint represents
plaintiff's second pleading in this action.  Plaintiff filed his
original petition in the state court.  Upon removal, the court
entered an order that described the pleading standards required
by the Federal Rules of Civil Procedure, as interpreted by
Twombly and Iqbal, and ordered plaintiff to file an amended
complaint consistent with those standards.  Plaintiff then filed
his first amended complaint.  Plaintiff has thus been provided
ample opportunity to correct any deficiencies in his pleadings,
and the court can see nothing to be gained by allowing another
amended complaint.

IV.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiff, Gerald Bell, against defendant, Bank of America, N.A., be, and are hereby, dismissed with prejudice.

SIGNED April 24, 2014.

_____
JOHN McBRYDE
United States District Judge

14